IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREGORY DUMANIAN, MD, RANDA DUMANIAN, and ADOM DUMANIAN,<br><br>Petitioners<br><br>v.<br><br>FIRST BANK PUERTO RICO<br><br>Respondent | MISC. NO. 21-mc-0473 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, U.S. District Judge

　　Pending before the Court is petitioners Dr. Gregory Dumanian, Randa Dumanian, and Adom Dumanian's (collectively, "Petitioners") *Petition to Enforce Subpoena and Motion for Contempt of Court Under Fed. R. Civ. P. 46(g) Against Firstbank of Puerto Rico F/K/A Banco Santander for Ignoring Subpoena for Documents* ("*Petition*") (Docket No. 1) and Respondent FirstBank Puerto Rico's ("FirstBank" or "Respondent") *Opposition to Petition and Motion to Quash Subpoena* ("*Motion to Quash Subpoena*") (Docket No. 8). For reasons set below, the *Petition* is **GRANTED** and the *Motion to Quash Subpoena* is **DENIED**.

### I. BACKGROUND

　　The subpoena at issue was filed in Case No. 19-cv-6771, a case pending before the Honorable Judge John Z. Lee in the United States District Court for the Northern District of Illinois. (Docket No. 1 at 3). The lawsuit seeking declaratory judgment was

filed by Petitioners against Mark Schwartz ("Mr. Schwartz"), his family members, and two entities he controls. Id. Mr. Schwartz and Dr. Gregory Dumanian ("Dr. Dumanian") had previously co-founded Mesh Suture, Inc. ("Mesh Suture"), a medical device company. Id. Petitioners seek, among other claims, to validate Mr. Schwartz's termination from Mesh Suture. Id. at 4. They also claim Mr. Schwartz does not accept his termination and has been embezzling funds for over two years from the company and its shareholders. Id.

While that suit was ongoing, Wells Fargo Bank, N.A. filed an interpleader action in the District of Colorado regarding Mesh Suture's business checking account. Id. Notably, Mr. Dumanian and Mr. Schwartz were defendants and claimants to the account. Id. Ultimately, Honorable Chief Judge Phillip A. Brimmer granted summary judgment and entered final judgment, both in favor of Dr. Dumanian, and gave him complete control over the account. Id.; see also Wells Fargo Bank, N.A. v. Mesh Suture Inc., 2021 WL 2682724 (D. Colo. 2021).

While both suits were pending, Mr. Schwartz filed a bankruptcy proceeding before the United States Bankruptcy Court for the District of Puerto Rico. See In Re Mesh Suture, Inc., Case No. 20-0031 (Bankr. D.P.R. 2020). When filing the petition, his counsel purportedly sent Wells Fargo a letter demanding it wire the roughly $3.9 million in the Wells Fargo account to a "debtor in possession"

account at FirstBank. (Docket No. 1 at 5). The Bankruptcy Court eventually dismissed the proceeding, and this Court affirmed the dismissal. (Civil Case No. 20-1230, Docket Nos. 23-24).

On May 17, 2021, Mr. Schwartz leased a building in Dorado, Puerto Rico, which is purportedly Mesh Suture's only real property asset, for $360,000 and deposited the amount in a FirstBank account. (Docket Nos. 1 at 5; 1-6 at 6-11). He allegedly proceeded to spend that money on legal fees, credit cards and himself. (Docket Nos. 1 at 5; 1-6 at 12-16). By filing the *Petition* and subpoena, Petitioners seek information related to that account and whether Mr. Schwartz is using it to misappropriate Mesh Suture funds. (Docket No. 1 at 5). Hence, they contend the documents requested therein are relevant to the Illinois suit. Id. at 5-6.

To wit, the subpoena requests that FirstBank:

1. Produce all Documents and Communications between You [*i.e.* FirstBank] and Defendant Mark Schwartz or his counsel.

2. Produce all Documents and Communications between You and the Other Defendants or their counsel.

3. Produce all Documents and Communications related to any banking business done or completed between You and Defendant Mark Schwartz that refers or relates to Mesh Suture Inc.

4. Produce all Documents and Communications related to any banking business done or completed between You and the Other Defendants that refers or relates to Mesh Suture Inc.

> 5. Produce all Documents and Communications related to any banking business done or completed between You and Mesh Suture Inc.
>
> 6. Produce all Documents and Communications between You and anyone from C. Conde & Associates, including but not limited to Carmen D. Conde Torres, related to Defendant Mark Schwartz or the Other Defendants that refers or relates to Mesh Suture Inc.
>
> 7. Produce all Documents and Communications between You and anyone from C. Conde & Associates, including but not limited to Carmen D. Conde Torres, related to Mesh Suture Inc.
>
> 8. Produce all Documents and Communications related to any purported "debtor in possession" operational bank account opened by Defendant Mark Schwartz, the Other Defendants, or their counsel, including Carmen D. Conde Torres.
>
> 9. Produce all Documents and Communications related to any purported "debtor in possession" operational bank account opened in the name of Mesh Suture Inc.

(Docket No. 1-1 at 6).

Petitioners assert the September 2, 2021 subpoena was properly issued pursuant to Fed. R. Civ. P. 45. (Docket Nos. 1 at 7-8; 1-1). They also aver FirstBank should be held in contempt for failing to object or respond to the same. (Docket No. 1 at 8-9). Thus, it should be ordered to respond and pay Petitioners related legal fees and costs. Id.

On November 2, 2021, FirstBank filed its *Motion to Quash Subpoena*. (Docket No. 8). It claimed Firstbank's initial response

to the subpoena, *i.e.* requiring a court order or authorization by the customer before answering the subpoena, was proper and based on privacy concerns. Id. at 3. Respondent also contends the requests in the subpoena are irrelevant, duplicative, and overly burdensome. Id. at 4-5. Hence, Petitioners should be sanctioned for imposing an undue burden upon FirstBank in violation of Fed. R. Civ. P. 45(d)(1). Id. at 5-6.

On November 11, 2021, Petitioners replied to the *Motion to Quash Subpoena* ("*Reply*"). (Docket No. 14). They posit FirstBank's relevance argument is moot given the Hon. Judge Lee's denial of FirstBank's motion to quash in the Illinois case. Id. at 2-4. Further, they state that any argument regarding applicable privacy law is baseless, as are claims that a court order is needed. Id. at 4.

## II. STANDARD OF REVIEW

To compel non-parties to produce documents, a movant must serve the non-party a subpoena pursuant to Fed. R. Civ. P. 45. *See* Vazquez-Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 165 (D.P.R. 2010). Rule 45 allows a party or attorney to issue third-party subpoenas if they:

> [T]ake reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable

>       attorney's fees—on a party or attorney who
>       fails to comply.

Philips Med. Sys. Puerto Rico, Inc. v. Alpha Biomedical & Diagnostic Corp., 2020 WL 12604854, at *2 (D.P.R. 2020) (quoting Fed. R. Civ. P. 45(d)(1))). A Rule 45 subpoena is subject to the scope of discoverable information set forth in Fed. R. Civ. P. 26(b)(1). *See* Smith v. Turbocombustor Tech., Inc., 338 F.R.D. 174, 176 (D. Mass. 2021). This rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]". Fed. R. Civ. P. 26(b)(1).

### III. ANALYSIS

A. FirstBank has failed to show how the information sought by Petitioners is privileged or an undue burden

In the case at bar, FirstBank appears to have been properly served and to possess relevant information but has failed to comply with the subpoena issued against it. (Docket Nos. 6-7). It initially declined, via e-mail with Petitioners' counsel, to comply with the subpoena by alleging that privacy laws and regulations for consumer financial records impeded it from providing the requested discovery at that time. (Docket No. 1-2 at 2-3). Instead, it averred it would only provide the information pursuant to a court order or an authorization by the customer. Id. at 1, 3. However, as explained in Petitioners' *Reply*, on October 20, 2021, this Court ordered FirstBank to: (a) respond to the

Case 3:21-mc-00473-RAM   Document 16   Filed 12/17/21   Page 7 of 11

Misc. No. 21-mc-473 (RAM)                                                    7

subpoena issued by the District Court of Illinois by producing documents and/or lodging objections to the same and (b) answer the Petition. (Docket No. 3). **The record shows that FirstBank did the latter, as evinced by its *Motion to Quash Subpoena*, but failed to do the former.**

A court *must* quash a subpoena *decus tecum* if the subpoena requests disclosure of privileged information or subjects a person to an undue burden. *See* Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc., 297 F.R.D. 19, 20 (D.P.R. 2014). FirstBank's *Motion to Quash Subpoena* reiterates its initial statements that the documents requested in the subpoena are protected by privacy laws and regulations. (Docket No. 8 at 3). **Yet, other than simply naming acts such as the Gramm-Leach Bliley Act and the Right to Financial Privacy Act, Respondent fails to proffer any developed arguments or even citations to statutes or case law in support of its position.** Id. This dooms its *Motion to Quash Subpoena*. To be successful, the movant of a motion to quash **must** show that the material requested in the subpoena is protected or that production would be an undue burden. *See* Jee Family Holdings, LLC, 297 F.R.D. at 20-21 (denying a motion to quash given that although nonparties claimed that the information sought by the subpoena was privileged, they had failed to establish as much).

Here, it is evident that Firstbank has failed to show that the evidence requested by Petitioners is privileged. It has also

failed to show that the scope of the requested discovery is an undue burden upon it. At first glance, the discovery sought does not appear to impose a burden warranting that discovery be denied outright. (Dockets No. 1-1 at 4-6). Hence, the Court agrees with Petitioners that their requests are "tailored to seek just over two years' worth of documents [from August 1, 2019 to present], contains necessary definitions, and is not otherwise overly broad or unduly burdensome." (Docket No. 14 at 2). The District Court of Puerto Rico has clearly held that the party seeking to quash a subpoena "bears the burden to persuade the Court that the subpoena imposes an undue burden upon it" and it "**cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance**." Sterling Merch. Inc. v. Nestle, S.A., 2008 WL 1767092, at *1-2 (D.P.R. 2008) (citation and quotation omitted) (emphasis added)(denying a motion to quash where the documents requested in the subpoena covered a six-year period and targeted 50 stores island-wide); see e.g., Katz v. Shell Energy N. Am. (US), LP, 2021 WL 4477626, at *2 (D. Mass. 2021) (granting motion to enforce subpoena because even though third party served by subpoena alleged that a search for documents would take "seemingly limitless hours, or perhaps days", it had "neither done any preliminary searches to even ascertain how many emails would be potentially relevant, nor provided an estimate of the

time or cost involved.") Here, other than only generally stating that discovery would be overly burdensome and that it "lacks a reasonable degree of specificity," FirstBank has not explained the *extent* of the burden imposed by Petitioners' subpoena. (Docket No. 8 at 4-5).

B. <u>FirstBank has failed to show the information requested is irrelevant to the lawsuit in the Northern District of Illinois</u>

FirstBank's argument that the information requested by Petitioners is irrelevant also fails to pass muster. As quoted in their *Reply*, the Hon. Judge Lee **previously denied** a motion to quash the subpoena object of this *Petition* precisely because he found that the documents and communications requested therein *are* relevant to the ongoing lawsuit in the Northern District of Illinois. (Docket No. 14 at 3). This conclusion was reached after Petitioners argued before Judge Lee at an October 18, 2021 hearing that they sought the relevant FirstBank documents because they believe they "will show additional banking wrongdoing by Schwartz in (1) opening Mesh Suture accounts through fraudulent statements to FirstBank; and (2) misusing and misappropriating Mesh Suture's money for his own personal gain, as he did with the Wells Fargo account to extort Dr. Dumanian[.]" <u>Id.</u> At that hearing, Judge Lee heard arguments from both sides regarding the relevance of the documents and communications requested in the subpoena as well as a pending motion to quash filed by Defendants. <u>Id.</u> Afterwards, he

ruled in favor of Petitioners, explaining that "[h]ere I'm persuaded that the information that the subpoena requests from FirstBank of Puerto Rico is relevant to the issues raised by the motion for preliminary injunction, and **therefore defendants' motion to quash is denied**." (Docket No. 14-1 at 18) (emphasis added).

Multiple District Courts have found that another court's decision to grant or deny a motion to quash is material to the outcome of a subsequent motion in related litigation. *See* State Farm Mut. Auto. Ins. Co. v. Maistrenko, 2019 WL 7790855, at *4 (S.D. Fla. 2019), report and recommendation adopted, 2020 WL 486271 (S.D. Fla. 2020) (finding that evidence in alleged fraud scheme was relevant, and therefore discoverable, based on the case record and "coupled with the fact that the Eastern District of New York ha[d] previously denied [respondent's] attempt to quash a subpoena related to certain banking records based on arguments similar to the ones" raised in that case); Kwolek v. United States, 2011 WL 2940984 (W.D. Penn. 2011); Sreter v. Hynes, 419 F. Supp. 546, 548 (E.D.N.Y. 1976) ("[i]dentical claims against a subpoena duces tecum … were carefully considered and rejected by New York's Court of Appeals" and "[n]othing advanced by plaintiffs here overcomes the force of that persuasive precedent.").

### IV. CONCLUSION

The Court realizes that compliance with subpoenas may prove inconvenient to a respondent such as FirstBank, "[b]ut this inconvenience ... is part of the price we pay to secure the effective administration of justice and enforcement of our laws." Sterling Merch. Inc., 2008 WL 1767092, at *1 (quoting United states v. International Business Machines Corp., 83 F.R.D. 97, 109 (D.C. N.Y. 1979)). For the foregoing reasons, the *Petition* is **GRANTED.**

FirstBank's *Motion to Quash Subpoena* is **DENIED**. FirstBank is hereby ordered to comply with the subpoena filed alongside the *Petition* by **December 31, 2021**. While the Court will not impose contempt sanctions at this time, the Court will not be so lenient with a future noncompliance and it will not hesitate to impose sanctions pursuant to Fed. R. Civ. P. 45(g) against FirstBank. Likewise, in that scenario, the Court will also grant Petitioners' request for the imposition of costs and fees upon FirstBank as well.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of December 2021.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge